UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INEZ QTAISH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:23-cv-03478 (UNA) |
| | ) |
| STEVEN J. MALMAN, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The IFP application is granted, but, for the reasons explained below, the complaint is dismissed, without prejudice.

Plaintiff, a resident of the District of Columbia, sues two individuals, Steven Malman, and Phillip Radmer, both of whom are allegedly located in Chicago, Illinois. The complaint is spare, difficult to follow, and cites to no statutory or other legal authority for the exercise of jurisdiction or for the assertion of any legal claims. Indeed, the causes of action plaintiff intends to bring are entirely unclear, as is the relief sought. To the extent the complaint is intelligible, plaintiff states that, in 1999, she jumped from a building in Chicago, and that another woman, who set fire to that building, also jumped from a window. *See id*. Plaintiff insinuates that she was injured due to this incident, and that she pursued the option of filing a lawsuit, but ultimately, declined to do so. *See id*. Apparently, after recently conducting a case "status" search, plaintiff alleges that she

discovered that, in 2001, defendants and others "open[ed] a case in [her] name without [her] permission or consent." *See id.* [1]

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). As here, "[a] confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). Neither defendants nor the Court are on notice of plaintiff's intended causes of action, nor has she established any basis by which the exercise subject matter jurisdiction is appropriate. *See* Fed. R. Civ. P. 12(h)(3).

Consequently, this matter is dismissed without prejudice. An order consistent with this memorandum opinion is issued separately.

/s/ _____
**BERYL A. HOWELL**
United States District Judge

Date:  December 12, 2023

---

[1]   An electronic case search of case records on CM/ECF does not identify any case filed by plaintiff, in 2001, in this District. *See Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005) (A court may take "judicial notice of facts on the public record"); *Banks v. York*, 515 F. Supp. 2d 89, 109 (D.D.C. 2007) (A court may take judicial notice of the public docket and record).